IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 11-104 |
| | ) |
| TREVOR HASSIM, | ) |
| | ) |
| Defendant. | ) |

ORDER

AND NOW, this 4th day of October, 2011, upon consideration of Defendant Trevor Hassim's Motion to Withdraw Guilty Plea and for Release on Bond (Document No. 157) filed in the above-captioned matter on September 6, 2011, and upon further consideration of the Government's Response thereto filed on September 20, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.[1]

Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim. See United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). Rather, it is the defendant's substantial burden to prove, pursuant to Federal Rule of Criminal Procedure 11(d), a "fair and just reason" for withdrawing a plea of guilty. Id. (citing United States v. Hyde, 520 U.S. 670, 676-77 (1997)). Courts are to consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the Government would be prejudiced by the

---

[1] No hearing is necessary on Defendant's motion because the Court is accepting as true the statements made by Defendant therein.

1

withdrawal. See Jones, 336 F.3d at 252 (citing United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001)). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Jones, 336 F.3d at 252 (citing Brown, 250 F.3d at 815).

Defendant has failed to meet his burden. Defendant is not asserting his innocence, and, therefore, the first factor weighs against allowing him to withdraw his plea. What Defendant does assert is that, although he mistakenly believed he was a United States citizen at the time of his plea, he has since learned that he may not be a citizen. Accordingly, he asserts that he may be subject to automatic deportation based on his conviction in this case, as it would constitute an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43). He argues that his counsel believed him to be a United States citizen and "thus did not provide any immigration advice to [Defendant]." Doc. No. 157 at 3. Based on this, he claims that his plea was involuntary and unknowing pursuant to Padilla v. Kentucky, 130 S. Ct. 1473 (2010). He therefore submits that "the potential drastic and lifelong immigration consequences of his guilty plea, of which he was not advised by counsel prior to the entry of his plea as required by Padilla v. Kentucky, present a quintessential example of a 'fair and just reason' to withdraw a plea that was not knowing and voluntary.'" Doc. No. 157 at 4.

The Court does not find Defendant's rationale to be compelling. First, the Court notes that Defendant's reliance on Padilla is misplaced. The defendant in Padilla was a known non-citizen whose

2

attorney gave him erroneous advice regarding his immigration status. The defendant relied on this erroneous advice when pleading guilty. See 130 S. Ct. at 1477-78. Here, counsel had no reason to believe that Defendant had any immigration issues prior to Defendant's decision to plead guilty, much less did he have sufficient facts to render any competent advice. While the Court in Padilla declined to distinguish between "affirmative misadvice" and the failure to render advice, here, counsel did not provide any advice because he had no reason to believe that advice was warranted. Applying Padilla in a situation such as this would essentially create a duty on counsel to investigate immigration law issues even in cases where there is no reason to believe that such issues are in play.

Moreover, the decision in Padilla did not address the issue of when a defendant may withdraw his or her plea based on unforeseen immigration consequences, but rather, whether his counsel's conduct fell below an objective standard of reasonableness pursuant to Strickland v. Washington, 466 U.S. 668 (1984). Indeed, the Court did not even address the issue of whether the defendant was prejudiced or whether he should be permitted to withdraw his plea and proceed to trial. See Padilla, 130 S. Ct. at 1478, 1487. Here, as the Court explained above, counsel was not ineffective because his advice was reasonable based on the information provided by Defendant. See Strickland, 466 U.S. at 691. Padilla, accordingly, is not dispositive. Therefore, there is no basis for finding that Defendant's plea was not a knowing or voluntary one based on ineffective assistance of counsel.

The Court still, of course, must evaluate the strength of Defendant's purported reason for withdrawing his plea. The Court finds, though, that Defendant's reason is not a compelling one. Although deportation is undoubtedly a serious potential consequence of Defendant's plea, Defendant has not shown that it was an unforeseen consequence. He reports that he did not know that he was a non-citizen until the presentence investigation report was prepared. However, he knew that he was born in South Africa and that he did not enter the United States until he was eight years old. He has resided in the United States for over 35 years, working and serving in the United States Marine Corps. Under these facts, it was incumbent upon him to advise his attorney that citizenship may be an issue. That he waited until now to address this issue with counsel is negligent at best.

Moreover, as stated, Defendant's motion is not based on any real claim that he did not commit the crime to which he has pled guilty, but rather, it is based on his desire to avoid the consequences of that crime. As the Court noted earlier, mere fear of punishment is not sufficient to allow a defendant to withdraw his plea. Under these facts, Defendant's reason for requesting to withdraw his plea, although it is certainly not a frivolous one, falls short of meeting the substantial burden needed to establish a fair and just reason for withdrawing his plea.

Since Defendant has not asserted his innocence or provided a strong reason for wishing to withdraw the plea, the Government need not show that it will be prejudiced by the withdrawal. See Jones, 336 F.3d

at 255 (citing United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995)). Accordingly, Defendant's motion is denied.

                                                  s/Alan N. Bloch
                                                  United States District Judge

ecf:       Counsel of record